UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KARAS

08 CV 3983

---x

JAMES ANDERSON,

Plaintiff,

- against -

KEVIN HOEVERMAN AND MICHAEL MASINO,

Defendants.

---x

Case No:

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that defendants hereby serve this Notice of Removal of Index No. 302370/08 currently pending in the Supreme Court of the State of New York, County of Bronx.

1. On March 3, 2008, the plaintiff commenced an action in the Supreme Court of the State of New York, County of Bronx. The action is entitled *James Anderson v. Kevin Hoeverman and Michael Masino, as New York State Police Officers*. A copy of the complaint is attached and marked as Exhibit 1.

2. This action is a civil action. The complaint in this action alleges that as a result of defendants allegedly unjustified search and seizure, plaintiff was arrested and subsequently detained for approximately six months. Plaintiff alleges that several of his constitutional rights were violated as a result of Defendants' actions.

3. Plaintiff alleges that this action arises under the Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Removal is therefore proper under 28 U.S.C. §§ 1331 and 1441.

5. This action is pending in a state court within the Southern District of New York and removal to, and venue in this Court is therefore proper under 28 U.S.C. § 1446(a).

6. Process in action No. 302370/08 was served on the defendants on or about March 28, 2008. This removal is therefore timely.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of the complaint and summons are attached and marked as Exhibit 2. No other pleadings have been filed to date in the state action.

8. Defendants will serve written notice of the removal of this action upon plaintiff promptly and will file such notice with the Clerk for the Supreme Court of the State of New York, County of Bronx, as required by 28 U.S.C § 1446(d).

9. Defendants will, within twenty days after filing this notice of removal, file with the Clerk of this Court a copy of all records and proceedings in the state action, as required Local Civil Rule 81.1(b).

10. Defendants expressly reserve all of their defenses and deny any liability.

Defendants therefore respectfully notice the removal of action No. 302370/08 from the Supreme Court of the State of New York, County of Bronx.


Dated:   New York, New York
         April 28, 2008

                                        Respectfully Submitted,

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                        State of New York

Attorney for Defendants
KEVIN HOEVERMAN AND MICHAEL MASINO
By:

Thomas M. Biesty
THOMAS M. BIESTY
(TB-4201)
Assistant Attorney General
120 Broadway - 24th Floor
New York, New York 10271
Tel: (212) 416-8922
Fax: (212) 416-6009
thomas.biesty@oag.state.ny.us

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------X

JAMES ANDERSON,

Plaintiff, : Index No.

- against -

KEVIN HOEVERMAN and MICHAEL MASINO as New York State Police Officers, : COMPLAINT

Defendants.

-----------------------------------X

Plaintiff by his attorney Leonard Silverman complaining of the defendants alleges and shows to this Court:

AS AND FOR A FIRST CAUSE OF ACTION FOR PLAINTIFF

1. At all times herein mentioned plaintiff was and is a resident of the State of New York, County of Bronx.

2. At all times herein mentioned defendants Kevin Hoeverman and Michael Masino were duly appointed, employed and acting law enforcement officers of the New York State Police of the State of New York and were and are residents of the State of New York.

3. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, Section 1983.

4. Each of the acts of the defendants was done in the course of

subsequent statements made by the defendants and each of them to the Rockland County District Attorney, the grand jury and in court were intentional, malicious, without probable cause and deprived plaintiff of the following rights, privileges and immunities secured to plaintiff by the Constitution of the United States:

a. The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States:

b. The right of plaintiff to be informed of the nature and cause of the accusation against him, secured to plaintiff under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

c. The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

19. That the violation of the Constitutional rights of the plaintiff as aforesaid resulted in the plaintiff being arrested; imprisoned continually from August 2, 2005 until February 10, 2006; maliciously prosecuted; deprived of his liberty from August 2, 2005 until February 10, 2006 while he was a prisoner; deprived of his right to associate and

at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

WHEREFORE plaintiff demands judgment against the defendants in the Fifth Cause of Action in an amount to be determined at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

Plus the costs and disbursements of these actions.

Dated: New York, N.Y.
      March 3, 2008

                              Leonard Silverman
                              Attorney for Plaintiff
                              116 West 23rd Street
                              New York, N.Y. 10011

                              By: Leonard Silverman

© 1995 Julius Blumberg, Inc.

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☒ Certification By Attorney — certify that the within has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's Affirmation — state that I am the attorney(s) of record for plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff is: plaintiff resides in a County other than the County in which affiant has his office for the practice of law

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:
conversations with the plaintiff and the contents of the file

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: March 31, 2008

Leonard Silverman

STATE OF NEW YORK, COUNTY OF ss:

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual Verification — in the action; I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification — the of corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

STATE OF NEW YORK, COUNTY OF ss:

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

[illegible]

☐ by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein:

☐ by transmitting a copy to the following persons by FAX at the telephone number set forth after each name below by E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Blumberg Law Products · Summons with Notice, Supreme Court, personal or substituted service. 12 pt. type, 4-94 · © 1993 Blumberg Excelsior, Inc., Publisher, NYC 10013 www.blumberg.com

# Supreme Court of the State of New York
## County of BRONX

Index No. 302370/08
Date purchased 3/24/08

JAMES ANDERSON,

*Plaintiff(s)*

*against*

KEVIN HOEVERMAN and MICHAEL MASINO as New York State Police Officers,

*Defendant(s)*

Plaintiff(s) designate(s) BRONX County as the place of trial.

The basis of the venue is residence of plaintiff

# Summons

Plaintiff(s) reside(s) at
450 East 169th Street
Bronx, N.Y.
County of Bronx

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 30 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, March 3, 2008

Leonard Silverman
Attorney(s) for Plaintiff

Office and Post Office Address
116 West 23rd Street
New York, N.Y. 10011
(646) 375-2432

By: Leonard Silverman

Defendant's address:

Kevin Hoeverman Troop T
Exit 23 New York State Thruway
P.O. Box 189, Albany, N.Y. 12201

Michael Masino Troop L
1140 Republic Airport
East Farmingdale, N.Y. 11735

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------X

JAMES ANDERSON,

Plaintiff, : Index No.

- against -

KEVIN HOEVERMAN and MICHAEL MASINO as New York State Police Officers, : COMPLAINT

Defendants.

--------------------------------------X

Plaintiff by his attorney Leonard Silverman complaining of the defendants alleges and shows to this Court:

AS AND FOR A FIRST CAUSE OF ACTION FOR PLAINTIFF

1. At all times herein mentioned plaintiff was and is a resident of the State of New York, County of Bronx.

2. At all times herein mentioned defendants Kevin Hoeverman and Michael Masino were duly appointed, employed and acting law enforcement officers of the New York State Police of the State of New York and were and are residents of the State of New York.

3. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, Section 1983.

4. Each of the acts of the defendants was done in the course of

their employment as New York State Police officers and in accordance to the customs and usages of the New York State Police and under the authority of their office as New York State Police officers.

5. That on August 2, 2005, at approximately 2:57 A.M. plaintiff was driving a 1997 Jeep westbound on I87, just west of the Tappan Zee Bridge in Rockland County at or about milepost 16.9.

6. This vehicle that plaintiff was driving was properly registered and insured in the State of New York and plaintiff possessed a valid New York State driver's license.

7. That said vehicle was stopped by defendants, who were in a New York State police vehicle, because the defendants claimed that the rear license plate lamp or bulb was not on.

8. After stopping the car plaintiff was driving the officers obtained license, insurance and registration information from plaintiff, went back to their police car and determined that these documents were in order and that the plaintiff was operating the vehicle with a valid driver's licenses and that there were no defects with the registration or insurance papers.

9. The defendants then left their police vehicle and returned to the vehicle that was being driven by the plaintiff without having issued a violation or the ticket book to issue a violation despite having sufficient information to

have issued a violation or summons based on a light that was not functioning.

10. The police officers did not issue a summons and allow the vehicle to leave the scene or allow the vehicle to leave the scene without the issuance of the summons, which they should have done, but directed plaintiff to exit the vehicle and then conducted a search of the plaintiff's person.

11. As a result of the search material alleges to be cocaine was found on the person of the plaintiff and plaintiff was arrested.

12. Plaintiff was then arraigned at the Justice Court at South Nyack/Grand View and was then held at the Rockland County Correctional Facility on New Hempstead Road in New City, N.Y. on August 2, 2005 until he was released by order of the County Court on February 10, 2006.

13. Plaintiff was indicted in Rockland County on or about August 24, 2005 based upon the evidence obtained by the search of the plaintiff by the defendants on August 2, 2005, as well as the testimony of the defendants before the Grand Jury, which charges included a B felony of criminal possession of a controlled substance. The indictment number was 342/05.

14. There was a suppression of evidence hearing held on February 1, 2006 before Justice Catherine M. Bartlett in the County Court of Rockland County. Justice Bartlett rendered a decision in writing dated February 10, 2006 in which she

subsequent statements made by the defendants and each of them to the Rockland County District Attorney, the grand jury and in court were intentional, malicious, without probable cause and deprived plaintiff of the following rights, privileges and immunities secured to plaintiff by the Constitution of the United States:

a. The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States:

b. The right of plaintiff to be informed of the nature and cause of the accusation against him, secured to plaintiff under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

c. The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

19. That the violation of the Constitutional rights of the plaintiff as aforesaid resulted in the plaintiff being arrested; imprisoned continually from August 2, 2005 until February 10, 2006; maliciously prosecuted; deprived of his liberty from August 2, 2005 until February 10, 2006 while he was a prisoner; deprived of his right to associate and

spend time with his family and friends; having suffered the loss of dignity and psychological damage by reason of his confinement.

20. That as a result of the foregoing plaintiff has been damaged in an amount to be determined at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION FOR PLAINTIFF

21. Plaintiff repeats and realleges as made a part hereof each and every allegation contained in paragraphs numbered "1" through "18".

22. That the violation of the Constitutional rights of the plaintiff as aforesaid resulted in the plaintiff being falsely arrested; imprisoned continually from August 2, 2005 until February 10, 2006; maliciously prosecuted; deprived of his liberty from August 2, 2005 until February 10, 2006 while he was a prisoner; deprived of his right to associate and spend time with his family and friends; having suffered the loss of dignity and psychological damage by reason of his confinement.

23. That as a result of the foregoing plaintiff has been damaged in an amount to be determined at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have

maliciously prosecuted; deprived of his liberty from August 2, 2005 until February 10, 2006 while he was a prisoner; deprived of his right to associate and spend time with his family and friends; having suffered the loss of dignity and psychological damage by reason of his confinement.

29. That as a result of the foregoing plaintiff has been damaged in an amount to be determined at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A FIFTH CAUSE OF ACTION FOR PLAINTIFF

30. Plaintiff repeats and realleges as made a part hereof each and every allegation contained in paragraphs numbered "1" through "18".

31. That the violation of the Constitutional rights of the plaintiff as aforesaid resulted in the plaintiff being arrested; imprisoned continually from August 2, 2005 until February 10, 2006; maliciously prosecuted; deprived of his liberty from August 2, 2005 until February 10, 2006 while he was a prisoner; deprived of his right to associate and spend time with his family and friends; having suffered the loss of dignity and psychological damage by reason of his confinement.

32. That the acts, conduct and behavior of the defendants, and each of them, that caused the within damages to the plain-

at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

WHEREFORE plaintiff demands judgment against the defendants in the Fifth Cause of Action in an amount to be determined at the trial of this action and that the damages sought herein exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

Plus the costs and disbursements of these actions.

Dated: New York, N.Y.
March 3, 2008

Leonard Silverman
Attorney for Plaintiff
116 West 23rd Street
New York, N.Y. 10011

By: Leonard Silverman

© 1995 [illegible], Inc.

STATE OF NEW YORK, COUNTY OF NEW YORK

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification by Attorney — certify that the within has been compared by me with the original and found to be a true and complete copy

☐ Attorney's Affirmation — state that I am the attorney(s) of record for plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by plaintiff is: plaintiff resides in a County other than the County in which affirmant has his office for the practice of law

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: conversations with the plaintiff and the contents of the file

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: March [illegible], 2008

Leonard Silverman

STATE OF NEW YORK, COUNTY OF

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual Verification — in the action; I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification — the [illegible] of [illegible] corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

[illegible]